## Abstract of the Decision.

SALES, § 64*—*when contract provides for supplying all requirements.* A letter submitting an offer to furnish defendant with the "knock down boxes" it would need in its business for a year, stating the character of the boxes it proposed to furnish, the materials to be used in the same, the various sizes of the boxes to be furnished and the costs of each size, and a letter in reply thereto agreeing to purchase the defendant's requirements of knock down boxes for one year from date, styles and price list as per samples and price list submitted, constitutes an unambiguous contract, the plaintiff thereby agreeing to furnish and the defendant agreeing to purchase all of the knock down boxes which the defendant would require from the date of acceptance of the contract.

Frank Keishkowski, v. Harry Bostrom, Appellant, on appeal of Harry Bostrom.    John W. Sutton, Petitioner, Appellee.

### Gen. No. 20,308.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1914.    Reversed and remanded.    Opinion filed April 22, 1915.

## Statement of the Case.

Frank Keishkowski sued the appellant, Harry Bostrom, in the Circuit Court of Cook county and recovered a judgment against him for seven hundred dollars.    John W. Sutton was the attorney of record for Keishkowski in the said suit.    The appellant took an appeal from the said judgment, and while the same was pending, Keishkowski, against the advice and wishes of Sutton, settled the judgment for one hundred and fifty dollars.    Seventy-five dollars of this amount was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

offered to Sutton in full of all claims for legal services
he might have against Keishkowski but he refused
the offer, stating that he had a contract with Keish-
kowski by the terms of which he was entitled to one-
half of the amount of the judgment. Sutton then filed
in the Circuit Court of Cook county a petition to en-
force against the appellant, Harry Bostrom, a claim
for attorney's lien, under section 55, ch. 92, Hurd's
R. S. (J. & A. 611). The appellant filed an answer
to the said petition. A jury was waived and the cause
was submitted to the court. Evidence was presented
in support of the petition and the answer, and there-
after "the court listened to arguments of counsel
* * * at the conclusion of which the court stated
he would render his decision later." Thereafter the
court notified both parties that he would render his
decision in the case on August 27, 1913. On the last
mentioned date, the parties to the proceedings being
represented in court by counsel, the court announced
that he found that the petitioner Sutton had failed to
prove his case, and that there would have to be a find-
ing against the petitioner and in favor of the defend-
ant. Thereupon, the attorney representing Sutton
asked for a continuance of the case on account of the
absence of Sutton, and the court granted the request.
On October 16, 1913, the following occurred: "This
case again was called for rendering of decision by the
court; all parties present. John W. Sutton then asked
leave of court to withdraw his petition and take a non-
suit, to which request the defendant by his attorney
objected, stating as grounds therefor, that as the peti-
tioner and the defendant had both argued the case
fully to the court, submitted their briefs and author-
ities, and that the case has been fully and finally sub-
mitted to the court for final decision which the court
was now ready to render, the petitioner is not now
entitled to withdraw his petition, dismiss or non-suit
his case; and as the court had announced his readi-

ness to render his decision, and even expressed what the decision would be, this case should now be decided by the court and not dismissed." The trial court overruled the said objection of the defendant and granted leave to the petitioner "to withdraw and dismiss his petition and non-suit his case," which was done over the objection of the defendant. This appeal followed.

O. C. PETERSON, for appellant.

No appearance for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 15*—*when nonsuit must be taken on trial by court.* Under R. S., ch. 110, sec. 70 (J. & A. ¶ 8607), where a case is tried before the court without a jury and is submitted for final decision, the plaintiff cannot take a nonsuit.

---

### Henry Nichols, Appellant, v. Union Stock Yards & Transit Company, Appellee.

### Gen. No. 20,325.

1. BAILMENT, § 12*—*who has burden of proving negligence in case of fire.* The law will not presume negligence where the failure of the bailee to deliver is explained by the fact that the goods bailed have been destroyed by fire and the bailee is therefore unable to deliver them, and the burden of proving negligence in such case is on the bailor.

2. BAILMENT, § 25*—*when agister's negligence question for jury.* In an action to recover for the loss by fire of cattle placed